**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | |
|---|---|
| **GREG TACKETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action, Case No.:** 5:19-cv-35-TBR |
| **v.** ) | |
| ) | **JURY DEMAND** |
| **XPO LOGISTICS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, Greg Tackett, by and through his undersigned counsel, and for his Complaint states as follows:

## NATURE OF THE COMPLAINT

1.      This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

## THE PARTIES

2.      Mr. Tackett is a resident of Pope County, Illinois.  Mr. Tackett was, at all relevant times, an employee of Defendant XPO Logistics, Inc. at its Paducah, Kentucky terminal.

3.      Defendant XPO Logistics, Inc. is the fictitious name for XPO Logistics V, Inc., which is a Delaware corporation with its principal office at 5 American Lane, Greenwich, CT 06831.  Its registered agent for service of process is County Registered Agent Solutions, Inc., which may be served at 828 Lane Allen Road, Suite 219, Lexington KY  40504.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Mr. Tackett's federal claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, because they raise federal questions pursuant to 28 U.S.C. § 1331.  The Court also has supplemental jurisdiction over Mr. Tackett's state-law claim pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Mr. Tackett in McCracken County, Kentucky, which is located within this judicial district.

6.      Mr. Tackett filed a timely charge of discrimination with the Equal Employment Opportunity Commission with respect to the Americans with Disabilities Act claims set forth below, a copy of which is attached hereto as Exhibit A.  Mr. Tackett received a Notice of Right to Sue from the EEOC less than ninety days prior to the filing of this Complaint.  A copy of Mr. Tackett 's Notice of Right to Sue letter is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7.      Defendant is a transportation and logistics company with a terminal in Paducah, Kentucky.

8.      Mr. Tackett is a semi-truck driver who went to work for Defendant in or about 2011.

9.      Mr. Tackett has short-term memory problems resulting from an injury, which he disclosed to Defendant.

10.      Mr. Tackett was capable of performing the essential functions of his job with, at most, the occasional accommodation of written lists or written directions to customer locations.

11.     Defendant did not accommodate Mr. Tackett and, instead, its Freight Operations Specialist frequently berated Mr. Tackett, saying things such as "everyday can't be your first day" when Mr. Tackett had to pause for a moment to remember what he was doing.

12.     Defendant changed Mr. Tackett's driving route frequently, making it more difficult for him to keep track of his tasks.

13.     In 2016, the Freight Operations Specialist terminated Mr. Tackett, allegedly for being too slow, but Mr. Tackett pursued internal appeals and was reinstated after records demonstrated that he was faster than many of his coworkers.

14.     Mr. Tackett, then, filed a harassment and discrimination complaint with Defendant's Human Resources department but he was notified the next day that no remedial action would be taken.

15.     Defendant soon reduced Mr. Tackett to doing only the local route in or around Paducah and working on the dock at the terminal, which was less desirable work than driving longer routes.

16.     Moreover, Defendant frequently wrote up Mr. Tackett for an assortment of actions – such as the time of stops and the time he returned from his route – for which other drivers were not disciplined.

17.     Defendant also gave Mr. Tackett a verbal warning for smoking in his truck. Defendant had a smoking policy prohibiting smoking in the trucks but other drivers who lacked any disability violated the rule without punishment.

18.     Nevertheless, after receiving the warning for smoking, Mr. Tackett quit smoking and began vaping.

19.     Mr. Tackett was not aware that Defendant's smoking policy also banned vaping because the same supervisor who had written him up for smoking allowed another employee to vape in the office.

20.     Mr. Tackett was then written up and terminated for vaping in a truck, though other drivers without any disability vape in their trucks without punishment.

21.     The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

22.     As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mr. Tackett has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

23.     Mr. Tackett realleges and incorporates herein the allegations contained in Paragraphs 1 – 22.

24.     Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

25.     Defendant harassed, disciplined, and terminated Mr. Tackett because of his disability and/or because it regarded him as disabled even though he was, at all relevant times, physically and mentally capable of performing all essential functions of his job, with or without a reasonable accommodation.

26.     To the extent Mr. Tackett made errors on the job, Defendant failed to provide reasonable accommodation(s) that would have permitted him to perform the job without error.

27.     Defendant's discriminatory actions against Mr. Tackett were willful and knowingly committed.

28.     As a direct and proximate result of Defendant's adverse treatment of Mr. Tackett in violation of the Americans with Disabilities Act, Mr. Tackett was injured and suffered damages.

29.     Mr. Tackett has sustained a loss of back pay, benefits, incidental expenses, and front pay.

30.     Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Mr. Tackett's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a) & (b).

## COUNT II

### RETALIATION IN VIOLATION OF THE
### AMERICANS WITH DISABILITIES ACT

31.     Tackett realleges and incorporates herein the allegations contained in Paragraphs 1 – 30.

32.     Defendant harassed Mr. Tackett, disciplined him, and moved him to less favorable work assignments for filing a complaint of discrimination with Defendant's Human Resources department and/or for seeking accommodations for disabilities pursuant to the Americans with Disabilities Act.

33.     As a direct and proximate result of Defendant's retaliation against Mr. Tackett in violation of the Americans with Disabilities Act, Mr. Tackett was injured and suffered damages.

34.     Mr. Tackett has sustained a loss of back pay, benefits, incidental expenses, and front pay.

35.     Defendant engaged in the discriminatory practices alleged in the second cause of action with malice and/or with reckless indifference to Mr. Tackett's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a) & (b).

## COUNT III

### SMOKING DISCRIMINATION IN VIOLATION
### OF THE KENTUCKY CIVIL RIGHTS ACT

36.     Mr. Tackett realleges and incorporates herein the allegations contained in Paragraphs 1 – 35.

37.     Defendant did not uniformly enforce its smoking policy.

38.     Defendant's discipline and termination of Mr. Tackett for smoking and vaping when other employees were allowed to perform the same acts without punishment constitutes illegal discrimination in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

39.     As a result of Defendant's conduct, Mr. Tackett suffered damages.

## COUNT IV

### DISCRIMINATION AND RETALIATION IN VIOLATION
### OF THE KENTUCKY CIVIL RIGHTS ACT

40.     Mr. Tackett realleges and incorporates herein the allegations contained in Paragraphs 1 – 39.

41.     Defendant's harassment of, disparate treatment of, and retaliation against Mr. Tackett constitute violations of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

42.     As a result of Defendant's conduct, Mr. Tackett suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1.      That Defendant be served and required to answer within the time prescribed by law;

2.      That a jury of eight try this cause;

3.      That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's illegal actions in an amount to be proven at trial;

4.      That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5.      That the Plaintiff be awarded additional compensatory damages pursuant to Counts I – IV, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in an amount to be proven at trial;

6.      That Defendant be ordered to pay punitive damages pursuant to Counts I and II in an amount to be determined at trial;

7.      That costs and discretionary costs be taxed against Defendant;

8.      That costs and attorney's fees be assessed against Defendant pursuant to 42 U.S.C. § 12205 and Ky. Rev. Stat. § 344.450;

9.      That pre-Judgment and Post-Judgment interest be assessed against Defendant, as provided by law;

10.     That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

11.     For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
              TN BPR # 021714

Boehl, Stopher, & Graves, LLP
410 Broadway
Paducah, KY  42001
Voice: (270) 442-4369
Fax:    (270) 442-4689

wsullenger@bsgpad.com

*Attorney for the Plaintiff,*
*Greg Tackett*